UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARSHA F. MATHIS,　　　　　　　Civil Action No.: 17-10361
　　　　　　　　　　　　　　　　　Honorable David M. Lawson
　　　　　Plaintiff,　　　　　　　Magistrate Judge Elizabeth A. Stafford

v.

NANCY A. BERRYHILL,
ACTING COMMISSIONER
OF SOCIAL SECURITY,

　　　　　Defendant.

_____/

**REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 13, 18]**

Plaintiff Marsha Mathis appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying her application for disability insurance benefits (DIB) and supplemental security income benefits (SSI) under the Social Security Act. Both parties have filed summary judgment motions,[1] referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the ALJ's decision is supported by substantial evidence and thus **RECOMMENDS** that:

---

[1] Mathis also filed a response to the Commissioner's motion for summary judgment. [ECF No. 19].

- the Commissioner's motion [ECF No. 18] be **GRANTED**;

- Mathis's motion [ECF No. 13] be **DENIED**; and

- the Commissioner's decision be **AFFIRMED**.

## I. BACKGROUND

### A. Mathis's Background and Disability Applications

Born September 1, 1955, Mathis was 58 years old at the time of her alleged onset date of February 18, 2014. [ECF No. 11-3, Tr. 104]. She submitted applications for disability benefits in March 2014, and was insured for DIB purposes through December 31, 2018. [ECF No. 11-5, Tr. 171-72; ECF No. 11-5, Tr. 173-81]. Mathis has prior work history as a daycare worker, a fast food restaurant cashier, and a food preparation worker. [ECF No. 11-2, Tr. 19]. She claimed to be disabled due to diabetes, poor vision, high blood pressure, knee pain, and involuntary weight loss. [ECF No. 11-3, Tr. 58].

After the Commissioner initially denied her application, Mathis requested a hearing, which took place in August 2015, during which she and a vocational expert (VE) testified. [ECF No. 11-2, Tr. 25-57]. In a November 20, 2015, written decision, the ALJ found Mathis to be not disabled. [ECF No. 11-2, Tr. 9-24]. The Appeals Council denied review,

making the ALJ's decision the final decision of the Commissioner, and Mathis timely filed for judicial review. [ECF No. 11-2, Tr. 1-5; ECF No. 1].

## B. The ALJ's Application of the Disability Framework Analysis

DIB and SSI are available for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4).[2] Second, if the claimant has not had a severe impairment or a combination of such impairments for a continuous period of at least 12 months, no disability will be found.[3] *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment

---

[2] Sections 1520(a)(4) and 920(a)(4), which pertain to DIB and SSI respectively, list the same five-step analysis.
[3] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c).

3

set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id*. If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id*. At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id*. The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Mathis was not disabled. At the first step, he found that Mathis had not engaged in substantial gainful activity since her alleged onset date. [ECF No. 11-2, Tr. 14]. At the second step, the ALJ found that Mathis had the severe impairments of diabetes mellitus, essential hypertension, and osteoarthritis of both knees. [*Id.*]. Next, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, Tr. 15].

Between the third and fourth steps, the ALJ found that Mathis had the RFC to perform a less than full range of light work, in that "[s]he can lift,

4

carry, push or pull 20 pounds occasionally, and ten pounds frequently; sit, stand or walk at least six hours in an eight-hour work day; occasionally climb ramps and stairs; and never climb ladders and scaffolds." [*Id.*, Tr. 16]. At step four, with the assistance of VE testimony, the ALJ found that Mathis was capable of performing past relevant work as a fast food restaurant cashier. [*Id.*, Tr. 19]. The ALJ therefore concluded that Mathis has not been under a disability from the alleged onset date through the date of his decision. [*Id.*, Tr. 20].

## II. ANALYSIS

### A.

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining

whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Mathis argues that the ALJ failed to consider the effect of her vision disturbance on her ability to work, that the ALJ made an improper credibility determination, and that the ALJ's conclusion that she could return to her prior work is not supported by specific findings as required by SSR 82-62. The Court disagrees, and recommends that the ALJ's decision be affirmed.

**B.**

Mathis claims that the ALJ failed to consider the effect of her vision disturbance on her ability to perform work-related activities. [ECF No. 13, PageID 471]. She argues that she is precluded from performing her past relevant work as it requires "frequent" or "good" near acuity. In support, she cites her report of blurry vision to Rose Johnson, M.D., her primary treating physician, during an office visit in December 2013. [ECF No. 11-7, Tr. 296-97). The Commissioner counters that while the ALJ found at step two that Mathis's alleged vision disturbance was not a severe impairment, he still considered her vision impairment in the remaining steps of the sequential analysis, thus rendering plaintiff's argument "legally irrelevant." The Court agrees.

6

Once the ALJ found at least one severe impairment, he was required to "consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8p, 1996 WL 374184 (1996). So long as the ALJ considers all of a claimant's impairments, both severe and non-severe, through the remaining steps of the analysis, any failure at step two to find additional impairments severe does "not constitute reversible error." *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987).

Here, the ALJ considered Mathis's alleged poor vision, but noted that there was no evidence that Mathis "sought treatment for her vision or indicated to any of her medical providers that she had a vision problem," and that she denied having blurred vision in October 2014. [ECF No. 11-2, Tr. 15; ECF No. 11-7, Tr. 342]. The ALJ found that there were no medically acceptable clinical or laboratory findings to support Mathis's claim that she had a medically determinable vision impairment; such evidence is

required.[4]  [ECF No. 11-2, Tr. 15].  And while Mathis relies on a note that she had blurred vision associated with her diabetes mellitus, that note described her blurred vision as "improving."  [ECF No. 11-7, Tr. 296].  Mathis also testified at her hearing that her vision was "good" when she wore her glasses.  [ECF No. 11-2, Tr. 39].

To the extent that Mathis is arguing that the ALJ's assessment of her RFC was insufficient is a result of her poor vision, she has the burden of proving that she requires a more restrictive RFC.  *Higgs*, 880 F.2d at 863; *Preslar*, 14 F.3d at 1110.  She sets forth no evidence establishing that she requires a more restrictive RFC, so the ALJ's error, if any, is harmless.  *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009).

## C.

Mathis argues that the ALJ erred in analyzing her credibility.  [ECF No. 13, PageID 474].  Credibility determinations of witnesses are within the province of the ALJ and should not be disturbed "absent compelling

---

[4] "Your symptoms . . . will not be found to affect your ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment(s) is present. Medical signs and laboratory findings, established by medically acceptable clinical or laboratory diagnostic techniques, must show the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged."  20 C.F.R. §§ 404.1529, 416.927.

reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).  At the same time, "such determinations must find support in the record." *Rogers*, 486 F.3d at 241.  An ALJ must explain the bases of her credibility determination, and the reviewing court should not be left to speculate as to the grounds for the ALJ's decision.  *Cox v. Comm'r of Soc. Sec.*, 615 F. App'x 254, 261 (6th Cir. 2015).  "[B]lanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence." *Rogers,* 486 F.3d at 248.

    Here, the ALJ conducted a thorough analysis of plaintiff's credibility, concluding that Mathis was "partially credible."  [ECF No. 11-2, Tr. 18-19].  The ALJ considered a May 2014 function report where Mathis indicated that she was able to engage in a wide range of activities of daily living.  [*Id.* at Tr. 18].  In that report, Mathis indicated that she planned and prepared daily meals, regularly cleaned her home, did laundry and ironing, cared for her personal needs without assistance or reminder, drove a car, went shopping one time a week for about two hours, managed her own money, was learning to use a computer, and enjoyed reading.  [ECF No. 11-6, PageID 230-38].  Mathis also wrote that she was able to walk four to five blocks, and did not use any type of assistive device.  [*Id.*].  The ALJ noted

9

that, in June 2015, Mathis reported that she enjoyed reading, doing hair and visiting with her grandchildren. [ECF No. 11-2, Tr. 19; ECF No. 11-8, Tr. 403]. And the ALJ described Mathis's testimony that she cooked, cleaned her home (including vacuuming and laundry), went grocery shopping every two weeks, used the Internet daily, and enjoyed jigsaw puzzles and reading. [ECF No. 11-2, Tr. 19, 40-42].

The ALJ concluded that Mathis's ongoing activities throughout the claim period were consistent with the ability to perform within the determined RFC. As a matter of law, an ALJ may consider household and social activities in evaluating complaints of disabling pain. *See Crisp v. Sec'y of HHS*, 790 F.2d 450, 453 (6th Cir. 1986). Some of the daily activities listed by the ALJ, such as reading, have nothing to do with Mathis's ability to work. *See Rogers*, 486 F.3d at 248 ("Yet these somewhat minimal daily functions are not comparable to typical work activities."). But the ALJ did not err when he considered Mathis's more robust daily activities as one factor in the credibility determination.

The ALJ also considered that Mathis's treatment for her allegedly disabling impairments had been "essentially routine and conservative in nature." [ECF No. 11-2, PageID 19]. He noted all of Mathis's treatment was rendered by a general practitioner; she never sought or received

treatment from a specialist. [*Id.*]. And he found that Mathis's lack of follow-through with her physician's recommendation to stop smoking reduced her overall credibility. [*Id.*; ECF No. 11-7, PageID 298, 338, 348, 352].

Mathis has presented no evidence to rebut the ALJ's description of the record, and the ALJ was within his right to consider Mathis's conservative treatment and the failure to adhere to her physician's recommendations for treatment. *Bentley v. Comm'r of Soc. Sec.*, 23 F. App'x 434, 435-36 (6th Cir. 2001) (ALJ properly considered conservative nature of treatment, among other factors, in concluding plaintiff not entirely credible); *Rodgers v. Comm'r of Soc. Sec.*, No. 13-CV-13746, 2014 WL 6612368, *3 (E.D. Mich. Nov. 20, 2014) (failure to follow through with treatment recommendations undermined a claimant's credibility).

## D.

Mathis's last claim of error is that the ALJ summarily concluded that she could return to her prior job as a fast food cashier without making specific findings, as required by SSR 82-62. [ECF No. 13, PageID 474]. The Commissioner contends that the ALJ adequately supported his finding that plaintiff was capable of performing her past relevant work with the

assistance of vocational expert testimony. The Court agrees with the Commissioner.

In determining that an individual has the capacity to perform a past job, the ALJ must make the following specific findings of fact: 1) the claimant's RFC; 2) the physical and mental demands of the past job/occupation; and 3) that the claimant's RFC would permit a return to his or her past job or occupation. SSR 82-62. In making the findings, "[a]n ALJ may rely on a vocational expert's response to a hypothetical question if that question was based on limitations that were properly credited by the ALJ and supported by substantial evidence in the record." *Keeton v. Comm'r of Soc. Sec.,* 583 F. App'x 515, 533 (6th Cir.2014).

Here, the ALJ made a specific finding as to Mathis's RFC. [ECF No. 16]. Mathis challenges the RFC by relying upon a single page from the Michigan Rehabilitation Services in which Lee Koski, Ph.D., opined that "there is no work in the local or national economy that [Mathis] can perform." [ECF No. 13, PageID 473, 476, citing ECF No. 11-8, Tr. 400]. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125

F.3d 989, 995–96 (6th Cir. 1997) (citation and internal quotation marks omitted). Mathis's challenge to the sufficiency of the ALJ's RFC finding under SSR 82-62 is waived.

Regarding the second and third required findings, the VE testified about Mathis's past relevant work as both a cashier and childcare worker. [ECF No. 11-2, Tr. 19, 46-56]. When questioned about an individual with the same RFC as that the ALJ assessed for Mathis, the VE opined that such an individual could work as a fast food cashier. [*Id.*, Tr. 51-52]. The ALJ found the opinion of the VE "persuasive as it is based not only upon the DOT, but also on his education and professional experience," and because it was "well-supported and therefore complies with the requirements of SSR 00-4p." [*Id.*]

Next, the ALJ determined that Mathis's RFC for light work together with the physical and mental demands of her past relevant work made it possible for her to perform her past relevant work as a cashier. [*Id.*] He further noted the VE's testimony that, even if Mathis had to sit for three to five minutes after standing or walking for 20-30 minutes, she could still perform a significant number of jobs as a fast food cashier. [*Id.*, Tr. 20, 53-54]

13

The ALJ made all of the specific findings of fact required by SSR 82-62, so Mathis's claim of error is without merit.

### III.   CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that the Commissioner's motion [ECF No. 18] be **GRANTED**; that Mathis's motion [ECF No. 13] be **DENIED**, and the Commissioner's decision be **AFFIRMED**.

Dated: January 25, 2018

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 25, 2018.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
